**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DESMOND GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| FIRST COAST SECURITY SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant First Coast Security Services, Inc. (hereinafter "Defendant") hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the grounds that this Court has jurisdiction of the action based upon diversity of citizenship.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 in accordance with 28 U.S.C. 1446(a).  In support of removal to this Court, Defendant states as follows:

**LITIGATION FACTS**

1.      On March 12, 2021, Plaintiff Desmond Galloway (hereinafter "Plaintiff") filed a Complaint ("Complaint"), styled *Desmond Galloway v. First Coast Security Services, Inc.,* Case No. 21 CV 001560 in the Common Pleas Court of Franklin County, Ohio. The Complaint is a civil action alleging race discrimination and retaliation in violation of the Ohio Civil Rights Act, Ohio Rev. Code § 4112 et seq.

2.      Defendant was served with a copy of the Complaint and Summons on March 18, 2021.

3.      Attached hereto, pursuant to 28 U.S.C. § 1446(a), as Exhibit A are copies of the Complaint, the Summons, and Notice of Service which are all of the process, pleadings, and orders served upon Defendant in the action.  The Complaint and the Summons were the only documents served upon Defendant setting forth the claims for relief upon which Plaintiff's action is based.

## CITIZENSHIP OF THE PARTIES

4.      For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.")

5.      Plaintiff alleges he is a resident of Franklin County, Ohio.  (See Complaint at ¶ 1, p. 1).

6.      Plaintiff alleges he was employed by Defendant from approximately July 1, 219 through September 8, 2020. (Compl.at ¶ 1, p. 2).  Throughout Plaintiff's employment, Plaintiff worked in Dublin, Ohio, within Franklin County, Ohio.  (Compl. at ¶ 2, p. 2).  Plaintiff is therefore presumptively a citizen of Ohio.

7.      Defendant is a corporation organized under the laws of the State of Florida. (Declaration of Jennifer Leatherman at ¶ 2, attached hereto as Exhibit B).  A corporation is a citizen of the state where it is incorporated and where its principal place of business resides. *See* 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); The principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 559 U.S. 77, 92,

2

130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Defendant's officers direct, control, and coordinate the corporation's activities from the headquarters in Jacksonville, Florida. (Leatherman Decl., ¶ 3)

8.      Defendant is therefore a citizen of Florida and complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

9.      The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed.  *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds).

10.      When determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees, if pled, are also included. *See Williamson*, 481 F.3d at 377-78 (attorney's fees); *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (attorney's fees and punitive damages).  Plaintiff has alleged damages in excess of $75,000.00 in the aggregate when all of his damages and demands are considered together.  It is therefore reasonable to conclude, based on the remedies sought in the Complaint, that Plaintiff's requested monetary damages are in excess of the jurisdictional amount required to file a claim in this Court.

11.      Plaintiff's Complaint seeks compensatory and consequential damages "in an amount in excess of $25,000 per claim." (Compl., "Demand for Relief.") Plaintiff's Complaint purports to bring two claims against Defendant: race discrimination and  retaliation pursuant to the Ohio Civil Rights Act, Chapter 4112 *et seq.*. (Compl.)

3

12.     Additionally, Plaintiff also pled for both punitive damages and attorney's fees. (Compl., "Demand for Relief.") Attorney's fees alone for one year of litigation, even assuming no appeal, could easily exceed $75,000.  He is also seeking punitive damages "not less than $25,000." (*Id.*)

13.     Accordingly, Plaintiff's Complaint seeks substantial damages from Defendant, including lost pay and benefits, compensatory damages, punitive damages;, and attorney's fees and costs. (Compl., "Demand for Relief.")  Upon considering all of Plaintiff's alleged damages, if he were to be successful at trial, Plaintiff would likely recover in excess of $75,000.00. *See, e.g., Harris v. Burger King Corp.*, No. 3-11-CV-708, 2012 U.S. Dist. LEXIS 45263 (W.D.Ky. March 29, 2012) (amount in controversy requirement fulfilled for purposes of diversity jurisdiction, despite the fact that the plaintiff's back pay damages were negligible, where the plaintiff also requested other types of damages, including emotional distress damages, punitive damages, and attorneys' fees).

14.     While Defendant specifically denies the Plaintiff's claims and entitlement to any of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceed $75,000 exclusive of interest.

### REMOVAL

15.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

16.     The Franklin County Court of Common Pleas is located within this District. Venue is thus appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

17.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

18. Contemporaneously with this filing, Defendant also files a Notice of Filing Notice of Removal with the Butler Court of Common Pleas, as required by 28 U.S.C. §1446(d). A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C. Promptly upon this filing, Defendant is giving written notice of the removal of this action to Plaintiff by serving him as further required by 28 U.S.C. § 1446(d).

19. There are no other defendants named in this action.

WHEREFORE, for these reasons, Defendant First Coast Security Services, Inc. respectfully requests that the above-entitled action now pending in the Common Pleas Court of Franklin County, Ohio, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

Respectfully submitted,

_/s/ Caroline M. DiMauro_____
Caroline M. DiMauro (OH No. 0071045)
Gretchen M. Treherne (OH No. 0074376)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: Caroline.DiMauro@jacksonlewis.com
Gretchen.Treherne@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April, 2021, I served a true and correct copy of the foregoing *Notice Of Removal* via U.S. Mail, postage prepaid on the following:

Michael W. DeWitt
4200 Regent Street
Suite 200
Columbus, Ohio  43219
mdewitt@dewittlawco.com

*Attorney for Plaintiff*

JACKSON LEWIS, P.C.

By: */s/ Caroline M. DiMauro*

4814-1832-7269, v. 1

6